Morton J.
afterwards delivered the opinion of the Court. It appears from the bill of exceptions allowed by the presiding judge of the Common Pleas, that on the application of a number of individuals to the county commissioners, the highway leading from Dalton to Hancock through Pittsfield was altered and straightened ; that in altering the course of the road a new way was laid out over the land of several individuals, and damages duly assessed ; that a part of these individuals prayed for a jury, which was accordingly summoned ; and that the jury altered the course of the road as laid out by the commissioners, and returned their verdict to the Court of Common Pleas. The verdict was there objected to on several grounds, which were overruled by the court and the verdict accepted. To this decision the county excepted ; and they now rely upon the same objections, and contend that for some of these causes, at least, the judgment of the Common Pleas ought to be reversed.
We will now proceed to examine the several objections to the proceedings, in the order in which they were urged. The first objection,- if it was not waived, is valid and must prevail. The officer who summoned the jury, being an inhabitant of Pittsfield, was clearly interested and incompetent to perform that service or preside at the trial before the jury.[1] Barre Turnp. Corp. v. Appleton, 2 Pick. 430. The agreement of the chairman of the county commissioners is not valid. Acting alone and without authority from the board, he has no power to bind them. They can only act together and by a major vote.
But the agent of the county who was authorized to appear before the jury, then knowing the interest of the officer and not objecting, the county must now be considered as having waived the objection or ratified the unauthorized agreement of the chairman of the county commissioners. -
The second objection clearly cannot prevail. The party calling a witness interested against him cannot confine the cross-examination to those points in which the witness has no interest. He is made competent and may be called on to *278 testify to points in which he has an interest as well as to others. He was sworn generally in the suit, and cannot be restricted in his testimony, to facts relating to such individual or such parts of the case as the party calling him may choose to select.[1]
It appears that the jury undertook to determine upon the admissibility of the evidence. This was not within their province. It is the duty of the officer not only to summon the jury, but to preside at the trial, to decide upon challenges and excuses of jurors, and to determine the competency of witnesses, the admissibility of evidence, and other incidental questions arising in the course of the trial.[2]
The third objection is, that Chase, one of the petitioners, was debarred his right to a jury, by the parol agreement of his co-tenant in relation to the laying out of the road and the assessment of damages. It is very clear that the land of one tenant in common cannot be incumbered or in any way injuriously affected by any agreement of his co-tenant. But it is also equally clear, that one tenant cannot apply for a jury without the joinder of his co-tenants. Otherwise the owner of a very small portion of estate might procure an alteration in the laying out of a highway, against the wishes and much to the injury of the principal owners. The assessment of damages must be joint and cannot be severed by the jury. Tenants in common must join in all actions for injuries to the common estate. The application by Chase alone would not warrant the appointment of a jury to revise the proceedings of the commissioners in laying out the road over the land of Chase and Merriman.[3]
The fourth objection relates to the form of the verdict. It is contended that it is void for uncertainty. But we think it sufficiently certain. The commencement and termination, and the courses and distances being given, the actual location of the road can at any time be readily ascertained.
*279 It was not necessary to name in the verdict the owners of the land over which the road is established, because the jury have no power to lay out the road over the land of any other person. Although they may alter the course of the road, yet in such alterations they are limited to the land of the petitioners. The statute does not authorize an original laying out by them. It makes no provision for notice by them to owners of land over which they may locate a way. It contemplates the appraisement of damages in the first instance by commissioners, and gives to land-owners the privilege of having two appraisals if they shall so elect, the one by the permanent public officers, the other by a jury selected by lot for that sole purpose.
The remaining objections are so connected and so resolve themselves into one subject, that they may more properly he considered together. They relate to the respective powers of the county commissioners and of juries summoned according to the statutes regulating the laying out of highways.
A jury, when duly summoned, have the power of revising the proceedings of the commissioners. But this power is a limited one. They may increase or diminish the damages assessed by the commissioners. They may, to a certain ex tent, alter the course of the road, and of necessity assess the damages for such alteration. But they do not possess the power of laying out a road originally, nor can they, under the pretence of making alterations, exercise this power.
We have already shown that the jury cannot so alter a road as to remove it from the land of the petitioners to that of other persons. Nor can they, by beginning at one of the termini of the road laid out by the commissioners, proceed in a different direction and terminate at a different point from that established by the commissioners. It is not their province to lay out or discontinue highways. They have no power, in any form, to reverse the decision of the commissioners. They may reassess the damages. They may, within certain limits, alter the course of the road. But they cannot decide that there shall be no road when the commissioners have determined that common convenience requires that there should be one. It is the province of the commissioners to determine the genera* *280 course and terminations of a highway, and the jury may only make such minor alterations as in their opinion may improve the highway or render it less burdensome to individuals or corporations affected by it.[1]
In the present case, the jury undertook to change the termination of that part of the way which came under their supervision, and in doing this, left portions of it so disconnected, that they could be of no utility for public travel, while the burden of making and keeping them in repair remained.
We are therefore of opinion, that the jury exceeded their power, and that the Court of Common Pleas erred in accepting their verdict. Their judgment must be reversed and the papers remitted to them for such further proceedings as the circumstances of the case may require.

 See Rev. Stat. c. 24, § 18.

 See Moody v. Rowell, 17 Pick. 499; Morgan v. Brydges, 2 Stark. R. 314 ; Rex v. Brooke, ibid. 472; Ellmaker v. Bulkley, 16 Serg. & R. 77; Greenl on Evi. § 445.

 Rev. Stat. c. 24, § 25.

 See Rev. Stat. c. 24, § 48, et seq.

 Lanesborough v. County Commissioners of Berkshire, 22 Pick. 278. By Rev. Stat. c. 24, § 13, the jury may make any alterations that may be prayed for between the termini as established by the commissioners, so far as they shall deem such alterations to be necessary and proper. Under this provision, the jury may make alterations in a highway that has been located anew by the commissioners. State Lunatic Hospital v. Worcester, 1 Metc. 437. See Gloucester v. County Commissioners of Essex, 3 Metc. 375; Danvers v. County Commissioners of Essex, 2 Metc. 185; Inh. of Livermore, Petitioners, 2 Greenl 275.